(No. 91-CC-1914 )

ROY L. BRYANT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 4, 1993.*

ROY L. BRYANT, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General, for Respondent.

## ORDER

SOMMER, C.J.

This claim is before the Court on a motion by the Claimant for entry of default judgment, due notice having been given, and this Court being fully advised, finds that the Claimant's television set was shipped from the Joliet Correctional Center to the Dixon Correctional Center. When the set arrived at Dixon, it was broken and could not be repaired. The set had been working when delivered to the Joliet authorities for shipment.

The Claimant went through the prison administrative procedures and was awarded $71.25.

This claim is similar to *Hamilton v. State* (91-CC-630). In *Hamilton, supra,* a claim also involving a television set, this Court stated that "The prison administrative procedure may not make low awards and claim such to be binding, thereby depriving the prisoner of his property."

The Claimant has responded by affidavit to an order of this Court asking the cost of comparable television set and the whereabouts of the $71.25.

This Court finds that the Claimant in his affidavit stated that a comparable television set would cost $350. We also find that the Claimant requested $300 total in his administrative proceeding and in his complaint to this Court. The Claimant has been paid the $71.25.

We will award the Claimant $228.50. This amount, in addition to the $71.25 already received, will give the Claimant a total award of $300. As in the *Hamilton* claim,

this Court will deduct an amount for depreciation. In this claim, the depreciation will be considered the difference between the $350 which the Claimant stated under oath that a comparable set cost and the $300 total he previously requested. It is therefore ordered that the Claimant is awarded $228.50.